UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,

                                        Plaintiffs,

      -against-

AJAX CONSOLIDATED SERVICE CORP.,

                                        Defendant.
------------------------------------------------------------------------X

Civil. Action: 18-cv-9152

COMPLAINT

       Building Service 32BJ Health Fund (the "Fund"), as and for its Complaint against Ajax Consolidated Service Corporation ("Defendant"), respectfully alleges as follows:

## NATURE OF ACTION

       1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, for injunctive and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to permit and cooperate in the conduct of audits of the books and records of Defendant and as parties contractually bound by the collective bargaining agreements by the Fund and/or their designated representatives. This Complaint alleges that by refusing to cooperate in the payroll compliance audit when instructed as per the Funds' rules and regulations, Defendant violated its collective bargaining agreement, the trust agreements of the Funds, and ERISA.

## JURISDICTION

       2.      Jurisdiction of this Court is invoked under the following statutes:

    (a)    Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b)    Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c)    28 U.S.C. Section 1331 (federal question); and

    (d)    28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of E.RI.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is, *inter alia*, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health benefits to those employees eligible to receive them. The Fund maintains its office and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant was, and continues to be, a Florida for-profit corporation having a principal place of business at 442 SW 12th Avenue, Deerfield Beach, Florida 33442 and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Defendant is party to a collective bargaining agreement (the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and submit the required monetary contributions and reports to the Fund, for Defendant's employees within the unit set forth in the Agreement with the Union.

8. As part of their fiduciary to the Fund, the Trustees are required to perform payroll compliance audits to ensure that contributing employers are accurately designating employees and making the contributions as required by ERISA and the Agreement.

9. In Article 23.3(c) of the Agreement, Defendant agreed to the following:

> By agreeing to make the required payments to the Funds, the Employer hereby adopts and shall be bound by the Agreement and Declaration of Trust as it may be amended and the rules and regulations adopted or hereafter adopted by the Trustees of each Fund in connection with the provision and administration of benefits and the collection of contributions. The Trustees of the Funds shall make such amendments to the Trust Agreements, and

shall adopt such regulations as may be required to conform to applicable law.

10. The Health Fund Agreement and Declaration of Trust ("Health Trust Agreement") provides in pertinent part:

> D) ARTICLE VIII
> OBLIGATIONS OF EMPLOYERS
> Section 1: Acceptance of Trust Agreement. Each Employer, upon the signing of a Collective Bargaining Agreement or Participation Agreement, or upon remitting contributions to the Trust Fund, shall be deemed thereby to have agreed to all provisions of this Trust Agreement, to such amendments thereto as the Trustees may adopt pursuant to Article IX, and to all rules and regulations established by the Trustees…

11. The Health Trust Agreement states the following under Employee Obligations, Article VIII, Section 6:

> Section 6. <u>Furnishing Requested Information</u>. The Trustees may call upon the Employers and/or the Union to furnish to the Trustees such information and reports as they may require in the performance of their duties under this Trust Agreement and the Employers and/or Union shall furnish the same when so requested. The Trustees or their representatives, duly authorized in writing, shall have the right to audit, examine and make copies of all or any part of the books and records, cash books, ledgers, contracts, tax returns or reports, and any other book or record which the Trustees deem necessary or desirable in connection with the proper administration of the Trust Fund. In any case that arbitration or legal action becomes necessary to enforce an Employer's obligation to submit to an audit or otherwise provide reports or requested information, the Trustees shall also be entitled to recover any and all expenses of that enforcement action, including, but not limited to, audit fees, counsel fees, arbitration costs and fees, and court expenses.

12. Defendant agreed to be bound by the rules and procedures of the Funds, which state in part the following:

> IV. Compliance Audit Program
>
> …

B.  Employers' duty to cooperate with auditor. Employers are required, pursuant to the Trust Agreements and their collective bargaining agreements, to cooperate with the Funds' auditor by promptly providing all records that are requested to permit the auditors to make a determination regarding the accuracy, completeness and timeliness of the employer's reports and remittances to the Funds.

13. A payroll compliance audit is essential to allow the Fund to determine what Defendant owes on its obligations under the Agreement. Absent Defendant's compliance with the audit, the Fund has no remedy allowing them to fulfill their obligations under ERISA and the collective bargaining agreements.

14. Despite repeated demands, Defendant has failed to provide the documents necessary to allow the Fund's auditor to complete the required payroll compliance audit.

15. By letter dated March 13, 2018, the auditor for the Fund, in accordance with the Agreements, sent a letter to Defendant requesting that Defendant contact the auditor to schedule a payroll compliance audit (the "Audit").

16. The payroll compliance audit is for the time period January 1, 2015 through the present.

17. The audit request letter noted the following:

In connection with the audit, we will be requesting access to all necessary books and records including, but not limited to:

> Individual earnings records (payroll history records)
> Weekly payroll journals
> Timesheets
> Quarterly Federal and State payroll tax returns
> W-2s
> Employee Roster (including job descriptions, hire, leave, and termination dates
> General Ledger/Cash Disbursement Journal
> Employees 401(k) enrollment forms

18. The auditor also provided Defendant with a link to a secure transfer account to allow the required information to submitted securely and electronically.

19. Upon information and belief, Defendant has knowingly failed to report employees to the Fund that are covered by the Agreement and is failing to cooperate with the payroll compliance audit in an attempt to shirk its responsibilities under ERISA, the Agreement, and the Trust Agreements.

### AS AND FOR A FIRST CLAIM FOR RELIEF

### (FUNDS DEMAND FOR AN ORDER DIRECTING DEFENDANT TO PERMIT AN AUDIT OF DEFENDANT'S BOOKS AND RECORDS

20. The Fund repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint as if set forth fully therein.

21. Defendant is obligated, pursuant to the terms of the Agreement and ERISA, to permit and cooperate in the conducting of audits of the books and records of Defendant by the Fund.

22. At all times material herein, Defendant has failed and refused to cooperate with the audit of its books and records.

23. Absent an injunction from this Court, the Fund has no way of knowing if Defendant owes unpaid contributions and, if so, how much.

24. The Fund will be irreparably harmed without an injunction. Plaintiff will lose Defendant's contributions while at the same time potentially having to pay out benefits to their employees. Additionally, covered employees not reported by Defendant will continue not receiving any benefits at all.

25. Accordingly, pursuant to the terms and conditions of the Agreement and ERISA,

the Fund demands an Order directing Defendant to permit and cooperate with the Fund and/or their designated representatives in the conduct of the aforesaid audit of Defendant's books and records.

WHEREFORE, Plaintiff Funds demand judgment:

a. for an Order requiring Defendant to permit and cooperate in the conduct of an audit by the Funds' auditor of the books and records of the Defendant, for the period January 1, 2015 through September 30, 2018;

b. the audit fees incurred in attempting to perform the payroll compliance audit;

c. the audit fees that will be incurred in actually performing the payroll compliance audit;

d. reasonable attorney's fees and costs of the action;

e. for such other and further relief as the Court deems just and appropriate.

Dated: Fort Lee, New Jersey
October 5, 2018

Raab, Sturm & Ganchrow, LLP

By: _____
Samuel R. Bloom (SB1988)
Attorneys for Plaintiffs Funds
2125 Center Avenue
Suite 100
Fort Lee, New Jersey
(Tel) 201-292-0150
(Fax) 201-292-0152